UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| | | |
|---|---|---|
| **DUSTIN C. BOURQUE** | * | **DOCKET NO.** |
| **VERSUS** | * | |
| **KIRKSEY TRUCKING, INC., SENTRY SELECT INSURANCE COMPANY,** | * | **JUDGE** |
| **USAA PROPERTY AND CASUALTY INSURANCE COMPANY AND** | * | |
| **BRANDON S. REYNOLDS** | * | **MAGISTRATE** |

**DEFENDANTS' JOINT NOTICE OF AND CONSENT FOR REMOVAL OF ACTION**

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA, BATON ROUGE DIVISION:**

Kirksey Trucking, Inc, Sentry Select Insurance Company, Brandon S. Reynolds, and USAA Property and Casualty Insurance Company, all defendants in the above captioned case, appearing herein through undersigned counsel, with full reservation of all defenses, objections, and rights, respectfully represent the following:

1.

On March 4, 2022, a Petition for Damages was filed by Dustin C. Bourque in the 18th Judicial District Court for the Parish of West Baton Rouge, bearing Docket No. 47302 Sec. B.  A copy of the Petition for Damages filed with the 18th Judicial District Court is attached to the Notice of Filing and Certificate of Removing Defendants as "Exhibit A".

## **FEDERAL JURISDICTION**

### Removal Pursuant to 28 U.S.C. §1332

2.

This civil action is a matter over which this Court has original jurisdiction by virtue of Diversity of Citizenship (28 USC §1332) and is one which may be removed to this Court under the provisions of 28 USC §1441 et seq., in that it is a civil action wherein diversity of citizenship exists between the plaintiffs and all defendants, with the requisite amount in controversy being present for the claims of Mr. Bourque.

### Complete Diversity Exists as to All Parties

3.

The Petition of Plaintiff Dustin Bourque silent as to his domicile. On information and belief, it is averred that Mr. Bourque is a citizen of the State of Louisiana. Attached hereto *in globo* as Exhibit "B" are Mr. Bourque's driver's license, the Registration Certificate of his vehicle and certain health insurance claim forms, all of which state an address of "24160 Charles Dr. Plaquemine, LA 70764".

4.

Defendant Kirksey Trucking, Inc. is a corporation organized under the laws of the State of Mississippi and which maintains its principal place of business in Mississippi. The state court suit was served on the Louisiana agent of service for Kirksey Trucking on March 16, 2022.

5.

Defendant Brandon S. Reynolds is a citizen of the State of Mississippi. Mr. Reynolds has resided in Mississippi for many years and intends to remain as a citizen of Mississippi. The state court suit contains a Long-arm Citation to Mr. Reynolds dated March 11, 2022, but there is no indication in the record that service has been made. Once service of process is made, undersigned counsel will represent Mr. Reynolds in the case and this removal is sought on behalf of Mr. Reynolds as well. To the extent necessary, Mr. Reynolds hereby consents to removal.

6.

Defendant Sentry Select Insurance Company is a corporate entity of the State of Wisconsin, where it is both incorporated and maintains its principal place of business. Service of the state court Petition upon Sentry Select Insurance Company via the Louisiana Secretary of State was made on March 15, 2022.

7.

Defendant USAA Property and Casualty Insurance Company is a corporate entity of the State of Texas where it is both incorporated and maintains its principal place of business. Service of the state court Petition upon USAA Property and Casualty Insurance Company via the Louisiana Secretary of State was made on March 15, 2022.

8.

Defendant USAA Property and Casualty Insurance Company hereby consents to and joins in the removal of this action to this Honorable Court.

**The Requisite Amount in Controversy Is Established**

9.

Upon information and belief, and without making any stipulation as to the amount of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00.

10.

First, it should be noted that Mr. Bourque's lawsuit contained only general allegations of injury and related pain, suffering, etc.…but without specifying either the particular areas of his body allegedly injured in the accident or the particular medical treatment he has thus far undergone. The Petition for Damages itself did not, therefore set forth sufficient information upon with removal could be premised. Please see the state court Petition for Damages submitted herewith.

11.

The defendants have been advised by Bourque's counsel via email received on **March 28, 2022,** that Mr. Bourque has now undergone three separate surgeries since the subject accident (lumbar and cervical) as a result of his injuries sustained in this accident. Please see said email attached as Exhibit "C".

12.

Upon receipt of the plaintiff's email of March 28, 2022, the defense was for the first time made aware of particular medical information regarding Mr. Bourque which does reveal an "amount in controversy" in excess of $75,000.00. As set forth below the defense herein is accordingly "setting forth facts in controversy, with summary-judgment type

evidence that support a finding of the requisite amount." <u>Drill Cuttings Disposal Co. L.L.C. v. Chesapeake Operating, Inc.</u>, 2012 WL 399247, at *1 (W.D. La. Feb. 7, 2012) *citing* <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir.1999). While the Defendants herein do not concede any facts pertaining to the nature, extent and causation of injuries, the fact that Mr. Bourque has now had three separate surgeries since the accident, which the plaintiff contends is related to the subject accident, provides grounds for satisfying the amount in controversy requirement.

13.

Courts have found the amount in controversy met for purposes of federal subject matter jurisdiction under similar circumstances. To quote one Middle District decision: "This Court has noted that '[a] brief quantum study of decisions relating to Louisiana plaintiffs who have undergone cervical surgery alone reveals damage awards of $90,000.00 to $375,000.00, " St. Pierre v. Celadon Grp., Inc. (CA 18-727-SDD-EWD 4/11/19), citing <u>Barnett v. Wal-Mart Louisiana, LLC</u>, 2009 WL 722300, at * 4 (M.D. La. March 18, 2009).

Therefore, upon information and belief, and without making any stipulation as to the nature, extent or causation of any provable damages, these defendants aver that the "amount in controversy" in this dispute is in excess of $75,000.00 for Mr. Bourque based upon the email received from Mr. Bourque's attorney on March 28, 2022 indicating that the subject accident has produced the need for three separate surgeries.

**Venue**

14.

Plaintiffs filed this lawsuit in the 18th Judicial District Court for the Parish of West Baton Rouge. Thus, venue in this District is proper under 28 U.S.C. §1441(a), as it is the "District Court of the United States for the district and division embracing the place" where the original lawsuit is pending.

**Removal of This Matter is Timely**

15.

This removal action is being filed within thirty days of the earliest service of the Petition on any defendant and is therefore timely.

16.

Further, the Fifth Circuit has generally held that a case becomes removable when a "**voluntary act" of the *plaintiff* makes it ascertainable** for the first time that the federal jurisdiction exists. *S.W.S. Erectors, Inc.,* 72 F.3d at 494 (citing Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252, 254 (5th Cir.1961). As noted above, it was only upon defense counsel's receipt of the March 28, 2022 email advising that Mr. Bourque has undergone three surgeries as a result of the injuries sustained in this accident that defendants had sufficient information to assess that the amount in controversy exceeds the $75,000.00 threshold for diversity jurisdiction.

17.

In the state court suit brought by Mr. Bourque, the Defendants had no specific information upon which to assess removability until receipt of the March 28, 2022 email

from plaintiff's counsel. Insofar as this removal is being accomplished within 30 days of this date, removal is therefore timely for this reason as well.

WHEREFORE, all defendants (Kirksey Trucking, Inc, Sentry Select Insurance Company, Brandon S. Reynolds, and USAA Property and Casualty Insurance Company) do hereby remove the above captioned case to the United States District Court for the Middle District of Louisiana, Baton Rouge Division.

Respectfully submitted:

**RABALAIS & HEBERT, LLC**

*s/ Melvin A. Eiden*
**STEVEN B. RABALAIS (#17100) T.A.**
**MELVIN A. EIDEN (#19557)**
**BLAKE T. COUVILLION (#37443)**
701 Robley Drive, Suite 210
Lafayette, LA  70503
Telephone:  (337) 981-0309
Fax:  (337) 981-0905
Email:  srabalais@rhhnet.com
Email:  meiden@rhhnet.com
Email:  blake@rhhnet.com
ATTORNEYS FOR DEFENDANTS,
KIRKSEY TRUCKING, INC, SENTRY SELECT INSURANCE COMPANY, AND BRANDON S. REYNOLDS

          **KINCHEN, WALKER, BIENVENU,
BARGAS, REED & HELM, L.L.C.**
9456 Jefferson Highway
Building III, Suite F
Baton Rouge, LA 70809
Telephone: (225) 292-6704
Facsimile: (225) 292-6705
Email: bharrell@kwbbrlaw.com

BY: _/s/ Brian Harrell_____
      **BRIAN HARRELL**
    La. Bar Roll #28439
**ATTORNEYS FOR DEFENDANT,
USAA PROPERTY AND CASUALTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to plaintiff's counsel by operation of the Court's electronic filing system.

Lafayette, Louisiana on this 13th day of April, 2022.

      _s/ Melvin A. Eiden_____
    **STEVEN B. RABALAIS
MELVIN A. EIDEN
BLAKE T. COUVILLION**